**ORAL ARGUMENT NOT YET SCHEDULED**

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

NO. 13-3052

_____

UNITED STATES OF AMERICA,        Plaintiff-Appellee

v.

EDWIN MORENO IBARRA        Defendant-Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

BRIEF FOR APPELLANT

_____

H. HEATHER SHANER, ESQ.
Appointed by the Court
1702 S Street Northwest
Washington, D.C. 20009
Tel. (202) 265 3210

District Court
Cr. 10-cr-018(JDB)

# CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES

**A.     Parties and Amici:**     The parties below and in this court are the defendant-appellant, Edwin Moreno Ibarra, and the plaintiff-appellee, the United States of America.  There are no interveners or amici in this Court.

**B.     Ruling under Review:**    In this appeal, appellant seeks review of whether the United States District Court had subject matter Jurisdiction pursuant to Article I, Section 8, Clause 10 of the United States Constitution.

**C.     Related Cases:**     There are no related cases.

## TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES…….i

TABLE OF AUTHORITIES………………………………………………iii

ISSUE PRESENTED FOR REVIEW……………………………………….v

STATUTES AND RULES…………………………………………………..vi

JURISDICTION…………………………………………………………..1

STATEMENT OF THE CASE……………………………………………2

      A.    Nature of the Case, Course of Proceedings, and Disposition….…2

      B.    Statement of Facts………………………………………...…..3

SUMMARY OF ARGUMENT…………………………………….……..5

ARGUMENT………………………………………………...….……5

**THE JUDGMENT OF THE COURT AND THE SENTENCE MUST BE VACATED AS THE DISTRICT COURT LACKED SUBJECT MATTER JURISDICTION AS A MATTER OF LAW**...............................5

CONCLUSION……………………………………………………11

CERTIFICATE OF LENGTH……………………………………………12

CERTIFICATE OF SERVICE……………………………………………13

## TABLE OF AUTHORITIES

| CASES | Pg. |
|---|---|
| **Buell v. Mitchell**, 274 F. 3d 337. 372 (6th C. 2001) | 6, 7 |
| **Cardales- Luna**, 632 F.3d 731, at 746 (1st Cir. 2011) | 10, 11 |
| **Comm. Of U.S. Citizens Living in Nicaragua v. Reagan**, 859 F.2d 929, at 949 (D.C. Cir. 1988) | 6 |
| **Doe v. Exxon Mobil Corps** 654 F.3d 11, 54 (D.C. Cir. 2011) | 7 |
| **Flores v. Southern Peru Copper Corp**. 414 F.3d 233 (2d Cir. 2003) | 7, 10 |
| **Haynes v. United States**, 390 U.S. 85, 87 & n.2, 88 S .Ct. 772, 885 (1968) | 8 |
| **Sampson v. Federal Republic of Germany**, 250 F.3d 1145, 1149 (7th C. 2001) | 6 |
| **U.S. v. Angulo-Hernandez** 576 F.3d 59,63  (1st Cir. 2009) | 9 |
| ***U.S. Bellaizac-Hurtado**, 700 F.3d 1245 (11th C. 2012). | 2, 5, 6, 7 |
| **U. S. v. Betancourth** 554 F.3d 1329, 1331 (11th Cir. 2009) | 8 |
| **U. S. v. Martinez-Hidalgo**, 993 F.3d 1052, at 1056 (3d Cir. 1993) | 9 |

U. S. v. Palacios-Casquete                                    8
55 F.3d 557, 561 (11th Cir. 1995)

**United States v. Perlaza**,                                 9
439 F.3d 1149, 1159 (9th Cir. 2006)

**United States v. Saac**,                                    8
632 F.3d 1203, 1208 (11th Cir. 2011)

**United States v. Smith**,                                   10
5 Wheat 154, 160-61 (1820)

**United States  v. Struckman,**                              6
611 F.3d 560, 576 (9th C. 2010)

**United States  v. Suerte**,                                 8
291 F.3d 366, 375 (5th Cir. 2002)

**\* Denotes case chiefly relied on by Appellant**

**U.S. Constitution Art. I, Section 8, Clause 10**            i,iv, 5, 8, 11

**STATUTES**

46 U.S.C. §§ 70503(a), 70506                                  i, iv, 2, 5. 6, 7, 8, 9
18 U.S.C. § 3231.                                             1
18 U.S.C. §3742(a)                                            1
21 U.S.C. §§959,960,963                                       2
28 U.S.C. § 1291                                              1
**Other Authorities**

**Restatement (Third) of Foreign Relations Law of the U. S.**   6, 7

§§ 102(2), 404 (1987)

**S. REP.** 99-530 at *12-13, 1986 U.S.C.C.A.N. 5986, 6000-01.   6


**RULES**

**Fed. R. App. P.4(b)**                                       1

## ISSUES PRESENTED FOR REVIEW

1.     Whether the district court had subject matter jurisdiction based on Article I, Section 8, Clause 10 of the United States Constitution.

2.     Whether the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70503(a), 70506, exceeds the power of Congress to    " define and punish ….Offences against the Law of Nations,"    U.S. Constitution Art. 1 § 8 cl.10 as applied to the drug trafficking activities of appellant Edwin Moreno Ibarra.

## STATUTES AND RULES

Relevant statutes and rules are contained in the addendum to this brief.

vi

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

NO. 13-3052

_____

UNITED STATES OF AMERICA,    Plaintiff-Appellee

v.

EDWIN MORENO IBARRA    Defendant-Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

BRIEF FOR APPELLANT

_____

## JURISDICTION

The district court had jurisdiction of this case pursuant to 18 U.S.C. § 3231. The notice of appeal having been filed within the ten day period of Fed. R. App. P.4(b) from the final judgment and commitment order entered on May 22, 2013, this Court has jurisdiction pursuant to 18 U.S.C. §3742(a) and 28 U.S.C. § 1291.

# STATEMENT OF THE CASE

A. **Nature of the Case, Course of Proceedings and Disposition of the Court Below**

On January 26, 2010 a Sealed Superseding Indictment was filed against the appellant Edwin Moreno Ibarra and eight co defendants in the U.S. District Court for the District of Columbia based on 46 U.S.C. §§70503(a), 70506. Extradition proceedings commenced to bring the defendant from the country of Colombia. Pursuant to the Indictment and related proceedings the appellant was arrested on February 8, 2010 and incarcerated at Combita Prison, Colombia pending extradition.

On January 13, 2011 the appellant arrived in Washington, D.C. and was arraigned in the United States District Court for violations of Title 46:70503 and 70506, and Title 21:959, 960, 963. He entered a guilty plea on December 8, 2011 to Count Two of the Indictment—Conspiracy to Distribute Five Kilograms or More of Cocaine Knowing and Intending that it would be Unlawfully Important into the United States. The plea was renegotiated and amended for reasons unrelated to this appeal and the appellant entered an amended plea of guilty to Count Two of the Indictment on September 12, 2012.

On April 19, 2012 and May 20, 2013 the Trial Court held Sentencing Hearings. At the final hearing on May 20, 2013 the appellant was sentenced to ninety months. The appellant requested trial counsel to assert his right to challenge the jurisdiction of the United States based upon the holding in **U.S. Bellaizac-Hurtado**, 700 F.3d 1245 (11th C. 2012). This appeal followed.

2

B.     **STATEMENT OF FACTS**

1.     Appellant, Edwin Moreno Ibarra is a citizen of Colombia. At no time during the investigation of this case up until his extradition to the United States of America in January 2011 did he ever leave the country of Colombia. No conduct of his or any co-conspirator occurred in the territory of the United States of America.

2.     Beginning in or about October 2008 and continuing to in or about February 2010 Edwin Moreno Ibarra worked in a criminal organization headed by Silvio Montano Vergara and Marlon Valencia Portocarrero dedicated to the illegal trafficking of narcotics.

3.     The modus operandi of the drug trafficking organization consisted, among other methods, of utilizing marine vessels, referred to as "go fast" vessels that departed with large quantities of cocaine from the Port of Buenaventura, Colombia in the Cauca Valley Department of Colombia. The Port of Buenaventura is located on the Eastern Pacific Coast of Colombia. The loads of cocaine were moved to coves in an area known as Piliza in the Department of Choco, Colombia. When the cocaine loads were complete and ready for shipment, co-conspirators of Edwin Moreno Ibarra would depart from the Department of Choco in "go fast" vessels and begin the transportation process to move the cocaine to Central America.

4.     Silvio Montano Vergara's criminal organization had similar coves in the countries of Panama, Costa Rica and Honduras, in which they would conceal the

3

"go fast" vessel that transported the loads of cocaine. The hidden coves were guarded by locals and Colombians who belonged to Silvio Montano Vergara's drug trafficking organization.

5.     On or about December 1, 2008 near Puntareñas, Costa Rica approximately 2600 kilograms of cocaine was seized by Costa Rican law enforcement officers.

6.     On or about December 2, 2008 in the Eastern Pacific Ocean off the coast of Panama approximately 2100 kilograms of cocaine was seized by the U.S. Coast Guard.

7.     On or about December 12, 2008 in the Eastern Pacific Ocean off the coast of Colombia approximately 1500 kilograms of cocaine was seized by the U.S. Coast Guard.

8.     On or about February 2, 2009 Panamanian law enforcement authorities encountered a stash location on a Panama beach and approximately 3090 kilograms of cocaine was seized.

## SUMMARY OF ARGUMENT

This appeal challenges the Jurisdiction of the United States of America to proscribe conduct abroad as applied to the drug trafficking activities of Edwin Moreno Ibarra.

Whether the District Court Lacked Subject Matter Jurisdiction because Article I Section 8, Clause 10 of the United States Constitution, "Authorizing Congress to Punish Piracies and Felonies on the High Seas and Offenses against the Law of Nations" does not extend to a drug trafficking offense under the " Law of Nations Clause."

## ARGUMENT

### THE JUDGMENT OF THE COURT AND THE SENTENCE MUST BE VACATED AS THE DISTRICT COURT LACKED SUBJECT MATTER JURISDICTION AS A MATTER OF LAW

The Maritime Drug Law Enforcement Act (the "MDLEA") is dependent upon Congress' Article I power to prosecute "Felonies on the High Seas." Art. I, §8 cl.10 (the "High Seas Clause"). The drug trafficking activities of Appellant offense involved seizures in the territorial waters of another country, and a seizure of contraband on a beach in Panama. The Appellant argues the prosecution exceeded Congress' power, and therefore the jurisdiction of U.S. federal courts. The Appellant further challenges all the seizures by the U.S. Coastguard and the prosecutions based thereon as beyond the power of Congress to proscribe conduct abroad. **United States of America v. Bellaizac-Hurtado**, 700 F.3d 1245 (11th Cir, 2012).

Appellant argues that drug trafficking is not an "Offence against the Law of Nations", and therefore Congress cannot constitutionally proscribe the appellant's conduct abroad under the Offenses Clause and that his conviction should be vacated.

Although **Bellaizac-Hurtado, supra**. was a case of first impression in the Eleventh Circuit, other Courts have found that 46 U.S.C. §§ 70503(a), 70506 exceeds the accepted parameters of international law. The Third Circuit found that Congress in enacting the MDLEA "over[o]de international law. Five Circuits, including ours, have adopted the definition of international law as the "general and consistent practice of states followed by them from a sense of legal obligation." **Restatement (Third) of Foreign Relations** § 102(2)(1987) See **Comm. Of U.S. Citizens Living in Nicaragua v. Reagan**, 859 F.2d 929, 940 (D.C. Cir. 1988); **United States v. Struckman,** 611 F.3d 560, 576 (9th C. 2010); **Buell v. Mitchell**, 274 F. 3d 337. 372 (6th C. 2001); **Sampson v. Federal Republic of Germany**, 250 F.3d 1145, 1149 (7th C. 2001).

The legislative history confirms that Congress did not rely on the Law of Nations as authority for the MDLEA. During the enactment of the MDLEA's predecessor statute, the Marijuana on the High Seas Act, the view was expressed that international law would not allow jurisdiction based solely on consent of the flag nation. Yet, this basis of jurisdiction was incorporated into the MDLEA. A Senate report confirms that the MDLEA's drafters viewed questions of international jurisdiction as "collateral matters," and "legal technicalities." S. REP. 99-530 at *12-13, 1986 U.S.C.C.A.N. 5986, 6000-01.

6

Regardless of Congress' intent, the MDLEA, 46 U.S.C. §§70503(a), 70506 cannot rest on the Law of Nations Clause, because drug trafficking within another nation's territorial waters is not an international law crime. The Law of Nations is dependent upon "'the general assent of civilized nations.'" **Flores v. Southern Peru Copper Corp**., 414 F.3d 233 (2d Cir. 2003). Drug trafficking within another nation's territorial jurisdiction has never been treated as an international law crime. The fact that nations universally prosecute drug trafficking is not sufficient to render the offense one against the Law of Nations. "States must follow the practice because they believe it is required by international law, not merely because they think it is a good idea, or politically useful, or otherwise desirable." **Buell,** 274 F.3d at 372. See also **Doe v. Exxon Mobil Corp.** 654 F.3d 11, 54 (D.C. Cir. 2011). "Private criminal activity will rarely be considered a violation of international law because private conduct is unlikely to be a matter of mutual legal concern." **Bellaizac-Hurtado** 700 F.3d 1245 at 1253.

Drug trafficking is not subject to "universal jurisdiction." Universal jurisdiction allows a state to "define and prescribe punishment for certain offenses recognized by the community of nations as of universal concern . . . , even where none of the bases of jurisdiction indicated in § 402 is present." See Restatement (Third) of the Foreign Relations Law of the United States (the "Restatement") § 404. Again, acceptance of an offense as a "universal jurisdiction" crime is dependent upon the consensus of the international community. The Restatement identifies only "piracy, slave trade, attacks on or hijacking of aircraft, genocide, war crimes, and perhaps certain acts of terrorism" as universal jurisdiction crimes. Drug trafficking is not listed.

7

The drug trafficking activities of the Appellant were not an Offense against the Law of Nations. The prosecution in this case exceeded Congress' limited powers under Law of Nations Clause. The District Court lacked subject matter jurisdiction over the offense and Mr. Moreno Ibarra's conviction and sentence should be vacated.

This challenge to the subject matter jurisdiction of the district court was not waived by the entry of Mr. Moreno Ibarra's guilty plea. See **United States v. Betancourth,** 554 F.3d 1329, 1331 (11th Cir. 2009) (holding that "a defendant who has entered an unconditional guilty plea to violations of the Maritime Drug Law Enforcement Act, 46 U.S.C. § 70501 et. seq. (2008), has not waived his right to challenge the United States' jurisdiction to prosecute him."). See also **United States v. Saac**, 632 F.3d 1203, 1208 (11th Cir. 2011). (holding that a guilty plea "does not waive the right of an accused to challenge the constitutionality of the statute under which he was convicted") (quoting **United States v. Palacios-Casquete**, 55 F.3d 557, 561 (11th Cir. 1995), and citing **Haynes v. United States**, 390 U.S. 85, 87 & n.2, 88 S .Ct. 772, 885 (1968) (determining constitutionality of statute even though defendant pled guilty)).

The MDLEA rests solely on Congress' power, found in Article I, § 8, cl. 10 of the Constitution, to define and punish "Felonies on the high Seas" (the "High Seas Clause"). As to the seizures related to this offense that did not take place on the high seas, it exceeds Congress's Article I powers.  Congress lacks authority to prosecute this offense under the High Seas Clause.  The MDLEA was enacted solely pursuant to Congress' power to "define and punish Piracies and Felonies on the high Seas." U.S. CONST. art. I, § 8, cl. 10. See **United States**

8

**v. Suerte**, 291 F.3d 366, 375 (5th Cir. 2002) (recognizing that the Piracies and Felonies Clause is the "only specific grant of power to be found in the Constitution for the punishment of offenses outside the territorial limits of the United States"); **United States v. Perlaza**, 439 F.3d 1149, 1159 (9th Cir. 2006) ("[W]e upheld the MDLEA as a proper exercise of Congress' constitutional power under the Piracies and Felonies Clause."). "[N]o other Article I powers save the MDLEA." **United States v. Angulo-Hernandez**, 576 F.3d 59, 63 (1st Cir. 2009) (Torruella, J., dissenting from denial of en banc review).

Title 46, U.S.C. § 70505 states, in pertinent part, "[a] failure to comply with international law does not divest a court of jurisdiction and is not a defense to a proceeding under this chapter." A federal court may never act in the absence of jurisdiction. The MDLEA, however, expressly allows a United States District Court to exercise jurisdiction in violation of the international law. Although the statute provides that a claim of a violation may be asserted by a foreign nation, no remedy is provided. As the Third Circuit found, rather than relying on international law to provide jurisdiction, Congress expressly overrode it. See **United States v. Martinez-Hidalgo**, 993 F.3d 1052, 1056 (3d Cir. 1993) (finding that Congress "expressed the necessary congressional intent to override international law" in enacting the MDLEA).

Even if Congress' had intended to enact the MDLEA pursuant to the Law of Nations Clause, this would nonetheless be insufficient to render drug trafficking an offense against the Law of Nations. "What the law of nations . . . is, may be ascertained by consulting the works of jurists, writing professedly on public law; or by the general usage and practice of nations; or by judicial

9

decisions recognizing and enforcing that law." **United States v. Smith**, 5 Wheat 154, 160-61 (1820). "In order for a principle to have 'ripened . . . into 'a settled rule of international law,' it must command 'the general assent of civilized nations.'" **Flores v. Southern Peru Copper Corp**., 414 F.3d 233 (2d Cir. 2003) (quotation omitted). See also id. 251 (discussing sources of international law). "[I]n order for a principle to become part of customary international law, States must universally abide by it." Id. at 248.

There is no consensus among the international community that drug trafficking is an international law crime. However, the fact that an offense is universally condemned is not sufficient. "There are crucial differences between conduct that all nations criminalize, and what is considered an international crime. . . ." **Cardales- Luna**, 632 F.3d 731, at 746 (1st Cir. 2011) (Torruella, J., dissenting). See also **Flore**s, 414 F.3d at 249. There is no consensus that drug trafficking – and more specifically, drug trafficking within another nation's territorial waters – is an offense against the Law of Nations. The fact that all nations may prosecute drug offenses within their own jurisdictions does not change this.

Unlike a case on the high seas where, arguably, no nation has an exclusive interest or perhaps an interest strong enough to prosecute, this offense took place in territorial waters of Colombia, Panama and Costa Rica. The seizures involved Costa Rican and Panamanian authorities. The Panamanian government or Costa Rican was directly involved and capable of prosecuting this offense. This is not a case that concerns the world community in the same manner as an offense having no significant ties to any particular jurisdiction. Similarly, Costa Rica's consent ort Panama's consent to the enforcement of United States law cannot confer subject matter jurisdiction on United States Courts. "This is a fundamental

10

structural problem that goes to Congress's power to legislate under Article I of the of the Constitution which cannot be waived by any individual or foreign nation." **Cardales-Luna**, 632 F.3d at 639 (Torruella, J., dissenting).

## CONCLUSION

This offense did not involve the high seas, and drug trafficking within territorial waters is not an Offense against the Law of Nations. Congress' Article I, Section 8, Clause 10 authority to prosecute "Felonies on the high Seas and Offenses against the Law of Nations," therefore provides no basis for the prosecution herein. Consequently, the district court lacked subject-matter jurisdiction over this offense, and Mr. Moreno Ibarra's conviction and sentence should be vacated forthwith.

**WHEREFORE** we move this Court to vacate Mr. Moreno Ibarra's conviction and the sentence of the court .

Respectfully submitted,

/s/

H. Heather Shaner  #273 276
Appointed by the Court for
Appellant Edwin Moreno Ibarra
1702 S Street N.W.
Washington, D.C. 20009
Tel. 202 265 8210
hhsesq@aol.com

11

## CERTIFICATE OF LENGTH

**I HEREBY CERTIFY** that the foregoing brief for appellant Edwin Moreno Ibarra complies with the limitations set forth in Fed. R. App. P. 32(a)(5)(A) and Circuit Rule 32(a)(2). This brief contains  <u>3281</u>  words.

_____/s/_____
H. Heather Shaner

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing brief for appellant was on this _____3d_____ day of December 2013 served by ECF upon the United States Department of Justice, Attorney David Lieberman, Criminal Division, 950 Pennsylvania Ave. N.W. Suite 1264, Washington D.C. 20530.

/s/
_____
H. Heather Shaner

13